UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS HARRIS,<br><br>                      Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:15-cv-05575-RBL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

THIS MATTER is before the Court on Defendant Colvin's Motion to Dismiss. Dkt. 6. Plaintiff Thomas Harris seeks judicial review of the Commissioner's final decision. The Commissioner argues that plaintiff's complaint was untimely and this case should be dismissed. Fed. R. Civ. P. 12(b)(1) and (b)(6). Because the complaint was untimely filed, and because plaintiff established no basis to apply equitable tolling or equitable estoppel, the Motion is **GRANTED** and the claim is **DISMISSED**.

### BACKGROUND

On April 10, 2015, an Administrative Law Judge ("ALJ") issued a fully favorable decision upon remand from the District Court. *See* Dkt. 6-2, pp. 10-17. The accompanying notice of decision stated:

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice. After my decision becomes final, you will have 60 days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final.

Dkt. 6-2, p. 7. The notice explained how to request an extension of the time to file. *Id.* Plaintiff's attorney received a copy of this notice on April 17, 2015. Dkt. 8, p. 3. The Appeals Council declined to review the decision. Plaintiff did not request an extension of time to file. Dkt. 6-2, p. 3. On August 13, 2015, plaintiff filed a complaint seeking judicial review. Dkt. 1.

## DISCUSSION

**A.    Plaintiff filed his complaint outside of the 60-day period after the decision became final.**

A claimant may obtain judicial review of a final decision of the Social Security Administration by commencing a civil action "within sixty days after the mailing to him of notice" of the decision or within any additional time the Commissioner allows. 42 U.S.C. § 405(g). In the case of an ALJ decision upon remand from a district court, the ALJ's decision automatically becomes the final decision of the Administration if the Appeals Council does not choose to assume jurisdiction within 60 days of the date of the ALJ's decision. 20 C.F.R. § 404.984. The Appeals Council's inaction triggers the finality of the decision (without need for any mailing of a notice of final decision), and a claimant then has sixty days from that date to commence a civil action. The notice of the ALJ's decision explicitly outlined these deadlines. *See* Dkt. 6-2, p. 7.

The ALJ's issued the decision on April 10, 2015. The decision became final on June 10, 2015, because plaintiff filed no exceptions and the Appeals Council did not assume jurisdiction of this case. Beginning on June 10, 2015, the 60-day period for plaintiff to file in district court

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

ended on August 8, 2015, but because that day is a Saturday, Plaintiff then had until August 10, 2015, to file. *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff did not file his complaint until August 13, 2015.

Plaintiff argues that the ALJ's decision is not presumed to be received until five days after the date of the decision, and therefore that the decision was not final until 60 days after the presumed receipt, or June 15, 2015. *See* Dkt. 7, p. 3. However, the date of the finality of the decision is not dependent on the date of plaintiff's receipt of the decision, because the 60-day deadline for action is the Administration's, not the plaintiff's. Plaintiff had the initial opportunity to file written exceptions with the Appeals Council (or request a time extension) within 30 days of his receipt of the ALJ's decision. *See* 20 C.F.R. § 404.984(b)(1). Meanwhile, the Appeals Council can assume jurisdiction on its own any time before the 61st day following the ALJ's decision. *See* 20 C.F.R. § 404.984(c), (d).

Plaintiff did not file written exceptions within 30 days of his presumed or actual receipt of the ALJ's decision. Therefore, when the Appeals Council did not assume jurisdiction by the 61st day following the ALJ's decision (June 10, 2015), the decision became final. The 60-day period to file in district court commenced on June 10, and plaintiff did not file until August 13, three days past the deadline. His complaint was not timely as a matter of law.

B.   **Equitable tolling does not apply.**

Plaintiff argues that equitable tolling should be applied to allow him to avoid the statute of limitations because plaintiff was diligently attempting to understand the practical outcome of the favorable decision, which seemed to plaintiff to be at odds with his requested relief. *See* Dkt. 7, pp. 4-5. The 60-day period following a final decision is a statute of limitations subject to equitable tolling. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing *Bowen v. City*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

*of New York*, 476 U.S. 467, 477 (1986)). Equitable tolling focuses on whether there was "excusable delay" by the plaintiff and "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The court may apply equitable tolling where a plaintiff shows that he has been pursuing his rights diligently, but some extraordinary circumstance has stood in his way. *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

      Here, due diligence was not applied, nor did extraordinary circumstances stand in plaintiff's way. Plaintiff explains in his response to the motion to dismiss that the benefit award letter that made plaintiff realize that there was confusion about the impact of the ALJ's decision was issued on May 28, 2015, before the 60-day period to file in district court even began. *See* Dkt. 7, pp. 4-5. Plaintiff states that his attempts to understand the practical outcome of the case were thwarted by requests for a fee petition for the favorable decision. *See* Dkt. 7, p. 5. Plaintiff's attorney struggled throughout July of 2015 to decipher if the decision was favorable in the exact terms that plaintiff sought. *See* Dkt. 8, p. 3. Ultimately, plaintiff brought suit on August 13, 2015, in "an abundance of caution," his attorney "not realizing that the 5-day mailing period was not included in the ALJ's decision noting time for filing." Dkt. 7, p. 5; Dkt. 8, p. 3. Therefore, plaintiff has not shown that any extraordinary circumstances prevented him from filing the complaint three days earlier. Plaintiff has simply shown a lack of due diligence.

      **C.    Equitable estoppel does not apply.**

      Plaintiff also argues that the Commissioner should be equitably estopped from applying the statute of limitations. *See* Dkt. 7, pp. 5-9. Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Santa Maria*, 202 F.3d

at 1176. Plaintiff has the burden to show that defendant should be equitably estopped from asserting that plaintiff's claim is barred by the 60-day limitation period. For the court to find equitable estoppel against a defendant, "the plaintiff must point to some fraudulent concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1052 (9th Cir.2008) (quoting *Santa Maria*, 202 F.3d at 1177).

Here, plaintiff does not provide evidence of any such nexus between the Commissioner's alleged wrongdoing and plaintiff's ability to file a timely suit. Plaintiff states that affirmative misconduct by the Commissioner resulted in a filing delay because it affected his ability to understand the full import of the decision. *See* Dkt. 7, p. 6. However, it is unclear how this lack of understanding prevented plaintiff, who filed suit "in an abundance of caution," from filing three days earlier according to the deadlines explicitly outlined in the notice accompanying the ALJ's decision. *See* Dkt. 7, p. 5; Dkt. 6-2, p. 7. Any alleged misconduct did not prevent plaintiff from filing on August 13, 2015; plaintiff has not shown how any alleged misconduct did prevent filing on August 10, 2015.

## CONCLUSION

Plaintiff's complaint was untimely and no basis to apply equitable tolling or equitable estoppels has been established. Accordingly, the Commissioner's motion to dismiss is **GRANTED** and this case **DISMISSED** with prejudice as untimely filed.

DATED this ___18th___ day of December, 2015.

RONALD B. LEIGHTON
United States District Judge